Case: 4:11-cv-02054-BYP Doc #: 8 Filed: 01/27/12 1 of 6. PageID #: 42

PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERNICE GARVIN, | ) | CASE NO. 4:11CV02054 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORRECTIONS CORPORATION OF AMERICA, INC., *et al.*, | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Vernice Garvin filed this action under the Federal Tort Claims Act, 28 U.S.C. § 1346 and § 2671, and *Bivens*[1] against Corrections Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC") Counselor Green, NEOCC Warden "John Doe I," and NEOCC Unit Manager "John Doe II." ECF No. 1. In the Complaint, Plaintiff alleges he contracted a staph infection from another inmate. ECF No. 1 at 3. He seeks monetary and injunctive relief. ECF No. 1 at 4.

**I. Background**

Plaintiff's Complaint is very brief. He claims was incarcerated at NEOCC in 2009. ECF No. 1. He contends that he contracted a staph infection from another inmate.[2] ECF No. 1 at 3.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) (recognizing, for the first time, an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

[2] It is unclear when and where Plaintiff contracted the disease. He states that he was sent to "isolation" on November 20, 2009 and "was celled with an individual known to have an infectious staph desease [sic]." ECF No. 1 at 5. He includes an "inmate request to staff member" form, however, dated October 24, 2009 which asks for his medical records for "future

(4:11CV02054)

Plaintiff alleges that the prison staff knew the inmate with whom Plaintiff was housed had an infectious disease and did not take adequate steps to prevent his infection. ECF No. 1 at 3. He asserts that the prison staff whom ordered his placement in a particular housing unit were indifferent to the danger of exposure. ECF No. 1 at 3. Plaintiff indicates that he filed an administrative tort claim with the Bureau of Prisons and, at the date of his filing the instant lawsuit, had not received a response. ECF No. 1 at 14.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which

---

treatment for staff [sic] infection." ECF No. 1 at 12. He includes a copy of his Administrative Detention Order indicating he was placed in that unit on December 6, 2009. ECF No. 1 at 8.

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV02054)

relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

#### A. Federal Tort Claims Act

Plaintiff seeks relief against the United States under the Federal Tort Claims Act ("FTCA"). The FTCA waives the United States Government's sovereign immunity for the negligent acts of government employees. 28 U.S.C. § 1346(b)(1); *see Montez v. United States*, 359 F.3d 392, 395 (6th Cir.2004). The statute defines "government employees" as "officers and employees of any federal agency." 28 U.S.C. 2671. The definition does not include independent contractors such as CCA, or the employees of the independent contractors. *See U.S. v. Orleans*, 425 U.S. 807, 813-14 (1976). The actions that give rise to Plaintiff's tort claim were committed by employees of CCA, an independent contractor. ECF No. 1. Consequently, the United States

3

(4:11CV02054)

is not liable under the FTCA for those acts.

### B. *Bivens*

To the extent that Plaintiff's Complaint can be liberally construed as asserting a *Bivens* claim, the claim(s) must be dismissed. *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action therefore cannot be brought against an entity such as the federal prison, the Bureau of Prisons, or the United States Government. *Id*.

As detailed above, CCA, which owns and operates NEOCC, is a private or independent corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74 (pointing out that when a prisoner in a Bureau of Prisons facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer).

Recently, the Supreme Court further declined to extend *Bivens* to the employees of a private prison under certain circumstances. *Minneci v. Pollard*, ___ S.Ct. ___, 2012 WL 43511 at* 10, slip op. (U.S. Jan. 10, 2012). The Supreme Court explained:

> [A] federal prisoner seek[ing] damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law [such as the conduct involving negligent exposure to infectious disease which is at issue here], the prisoner must seek a remedy under state tort law.

*Id*. In such a case, a *Bivens* remedy cannot be implied. *Id*. Plaintiff's *Bivens* claims against

4

(4:11CV02054)

NEOCC Counselor Green, Warden John Doe I, and Unit Manager John Doe II, therefore, must be dismissed.

### C. State Tort Law

Finally, even if the Court could liberally construe a state law negligence claim from Plaintiff's allegations, he fails to allege sufficient facts to establish federal court jurisdiction. Federal subject matter jurisdiction can exist to consider matters of state tort law based upon diversity of citizenship under 28 U.S.C. § 1332(a)(1), which vests the federal district courts with jurisdiction in cases of sufficient value between citizens of different States. The Court equates the citizenship of a natural person with his domicile, *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990), while a corporation is deemed to have the citizenship of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). A prisoner may be considered to domiciled in either the state in which he is incarcerated or in the state to which he intends to return after his sentence is served. *See Johnson v. Corrections Corp. of America*, No. 00-4439, 2001 WL 1298982, at * 2 (6th Cir. Aug. 8, 2001). Diversity jurisdiction exists only when the Plaintiff is a citizen of a different state than all of the Defendants. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999).

Plaintiff is incarcerated in Arizona. He lists the addresses of the Defendants as Ohio. At least on the face of the Complaint, it appears diversity of citizenship may be complete. This alone, however, does not vest this federal court with jurisdiction.

To establish diversity jurisdiction, the amount in controversy must also exceed the sum or value of $ 75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount of

(4:11CV02054)

damages claimed by the Plaintiff controls if the claim is apparently made in good faith, unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir.2000). Here, Plaintiff states he is seeking $6,000 for pain and suffering as a result of the Defendants' negligence. ECF No. 1 at 4. This amount in controversy is far less than the amount required to establish federal court jurisdiction.

### IV. Conclusion

Accordingly, Plaintiff's claims under the Federal Tort Claims Act and his *Bivens* claims are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). Plaintiff's negligence claims are dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

January 27, 2012  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
United States District Judge

---

[4] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."